UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM RUSSELL FREEMAN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>TOM CARTER, Twin Falls County Sheriff; and TWIN FALLS COUNTY ADULT DETENTION CENTER,<br><br>　　　　　　　Respondents. | Case No. 1:23-cv-00342-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Adam Russell Freeman has filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Accordingly, the Court now reviews the Amended Petition to determine whether it is subject to summary dismissal pursuant to Habeas Rule 4.

### REVIEW OF PETITION

**1.　Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment

and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court reviews each habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating that "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions.'") (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

2.   Discussion

The Amended Petition asserts that, during the course of Petitioner's arrest, the arresting officer subjected Petitioner to excessive force by tasing him. Petitioner also alleges that, in custody, he has not received adequate medical treatment for the injuries suffered during that arrest. Dkt. 6 at 7.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 484). Conversely, a civil rights action

under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Here, the Amended Petition does not challenge the validity of Petitioner's criminal charges. Instead, he challenges the conditions of his detention and the arresting officer's use of force. Because the remedy for the violations asserted in the Petition would not be an immediate or speedier release from confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), Petitioner's instant claims do not lie at the core of habeas corpus. *See* Dkt. 5 at 2 ("The remedy for the violations asserted in such claims would … be … an award of monetary damages and/or an order requiring the cessation of unconstitutional activities.").

For the foregoing reasons, Petitioner's habeas claims are subject to summary dismissal as noncognizable.[1]

---

[1] The Court exercises its discretion not to convert this case to a civil rights action. *See Pinson*, 69 F.4th at 1075–76 ("[T]he district court was not required to convert [petitioners'] habeas petitions into civil rights actions …."). If Petitioner intends to pursue his civil rights claims, he may file a separate civil rights lawsuit.

## ORDER

**IT IS ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 6) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 31, 2023

_____
B. Lynn Winmill
U.S. District Court Judge